FILED

11/13/2024

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 1, 2024

**STATE OF TENNESSEE v. JERRELL ANDERSON**

**Appeal from the Criminal Court for Shelby County**
**Nos. 21-00250, C2100603  James Jones, Jr., Judge**

_____

**No. W2023-01618-CCA-R3-CD**

_____

Defendant, Jerrell Anderson, appeals his Shelby County convictions for four counts of attempted first degree murder, two counts of aggravated assault, two counts of reckless endangerment, and two counts of employing a firearm during the commission of a dangerous felony.  Defendant argues that the trial court erred in denying two motions for mistrial and in admitting redacted recordings of jail phone calls into evidence instead of admitting the calls in their entirety.  After review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and MATTHEW J. WILSON, JJ., joined.

Bianka Y. Valdez (on appeal) and Blake D. Ballin (at trial), Memphis, Tennessee, for the appellant, Jerrell Anderson.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Forrest M. Edwards and Chris Lareau, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural History*

The testimony at trial established Defendant, alongside several others, shot into a house in Memphis twice on June 8, 2020.[1] Defendant had lent some marijuana to a man at the house, "Big Jook," to sell and had not been repaid.

In the first shooting, Defendant and the others shot at the house, but no one was injured. Afterward, Defendant and the others drove to a friend's apartment. Defendant called his brother, Jerry Anderson,[2] to meet them at the friend's apartment. Defendant, Mr. Anderson, and three others returned to the house three hours later and shot up the house a second time. Four victims were injured in the second shooting, including a small child. Several individuals were in the house during both shootings. A victim's Ring door camera captured both shootings on video, and the video recordings were admitted at trial. Security video footage from the apartment complex where Defendant and the group met afterward (showing their arrival and later departure) was also admitted at trial. Defendant gave a statement to police in which he admitted his presence at both shootings. He conceded that he fired a gun during the first shooting but denied firing a weapon at the second shooting.

A Shelby County grand jury indicted Defendant and his co-defendants for four counts of attempted first degree murder, two counts of aggravated assault, two counts of reckless endangerment, and two counts of employing a firearm during the commission of a dangerous felony. Defendant pled guilty to one count of reckless endangerment, relative to the first shooting, before trial.

The evening before proof began and after the jury was sworn, Defendant made two phone calls from jail to Mr. Anderson. The two discussed Mr. Anderson's upcoming testimony. Defendant told Mr. Anderson, "Just say it was about some money. Don't say about that other sh[*]t." Defendant laughed as he discussed that more people were injured during the second shooting than the first. Defendant also told Mr. Anderson that he planned to plead guilty to a reckless endangerment charge to persuade the jury to convict him of a lesser included offense. Mr. Anderson, whose charges were severed from the other defendants', testified concerning Defendant's and the other co-defendants' involvement in the shootings.

A jury convicted Defendant as charged on the remainder of the counts in the indictment. Defendant received a thirty-one-year effective sentence. Defendant appeals.

---

[1] Defendant does not challenge the sufficiency of the evidence underlying his convictions on appeal. A particularly thorough recounting of the facts is therefore unwarranted. We discuss the facts of the case only as necessary to determining the issues Defendant raises on appeal.

[2] For clarity's sake, we refer to Jerry Anderson as "Mr. Anderson" and Jerrell Anderson as "Defendant."

## *Analysis*

### *Mistrial*

Defendant raises two issues on appeal where he argues the trial court erred in denying his motions for mistrial. Defendant first argues that the trial court should have declared a mistrial when the State sought to use his jail phone calls with Mr. Anderson after the jury had been sworn. Second, he argues that the trial court should have declared a mistrial when Mr. Anderson testified that Defendant was in jail on other charges. We address each in turn.

A mistrial exists "to correct damage done to the judicial process when some event has occurred which precludes an impartial verdict." *State v. Welcome*, 280 S.W.3d 215, 222 (Tenn. Crim. App. 2007) (citing *State v. Williams*, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996)). "Normally, a mistrial should be declared only if there is a manifest necessity for such action." *State v. Saylor*, 117 S.W.3d 239, 250 (Tenn. 2003). Stated differently, "a mistrial is an appropriate remedy when a trial cannot continue, or a miscarriage of justice would result if it did." *State v. Land*, 34 S.W.3d 516, 527 (Tenn. Crim. App. 2000). The party seeking a mistrial bears the burden of establishing manifest necessity. *Id.* at 527. We review a trial court's decision to grant or deny a mistrial for abuse of discretion. *State v. Bell*, 512 S.W.3d 167, 187 (Tenn. 2015) (quoting *State v. Reid*, 91 S.W.3d 247, 279 (Tenn. 2002)). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Gevedon*, 671 S.W.3d 537, 543 (Tenn. 2023) (quoting *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010)). Our supreme court has recognized three nonexclusive factors a reviewing court should consider when determining whether a trial court should have granted a mistrial because of inappropriate testimony before the jury: "(1) whether the State elicited the testimony, or whether it was unsolicited and unresponsive; (2) whether the trial court offered and gave a curative jury instruction; and (3) the relative strength or weakness of the State's proof." *Bell*, 512 S.W.3d at 188 (quoting *State v. Nash*, 294 S.W.3d 541, 547 (Tenn. 2009)).

As to Defendant's first motion for mistrial regarding the jail calls, the trial court did not abuse its discretion in denying Defendant's motion because no manifest necessity existed to justify declaring a mistrial. Defendant sought a mistrial based on the strategic changes introducing the calls would necessitate. The trial court found that Defendant chose to make the calls to Mr. Anderson and that Defendant "through his actions should not be allowed to cause a mistrial in his own matter." Indeed, the calls were not evidence that the State withheld until the eleventh hour—Defendant created the evidence after the jury had

been sworn but before proof began by calling his brother and discussing the case. "It has long been settled in Tennessee that a party cannot take advantage of errors which he himself committed or invited, or induced the trial court to commit, or which were the natural consequence of his own neglect or misconduct." *State v. Garland*, 617 S.W.2d 176, 186 (Tenn. Crim. App. 1981). Such is the case here—though the calls certainly changed defense counsel's strategy, the conundrum was one of Defendant's own creation. The trial court did not abuse its discretion in denying Defendant's motion for mistrial. Defendant is not entitled to relief.[3]

Second, the trial court did not abuse its discretion in denying Defendant's motion for mistrial where Mr. Anderson testified that Defendant was "in jail for a different crime." The trial court found that a curative instruction was sufficient to ameliorate any problems the testimony may have created and instructed the jury that whether Defendant was in custody was not to be used in their determination of guilt. The State did not elicit this testimony. Counsel for a co-defendant elicited the testimony during cross-examination. The trial court issued a curative instruction and the matter was not mentioned again. We generally presume that the jury follows the trial court's instructions. *State v. Butler*, 880 S.W.2d 395, 399 (Tenn. Crim. App. 1994).

Finally, the State's proof against Defendant was formidable. The shootings were captured on video, Defendant admitted to being present at both shootings and firing at the first, Mr. Anderson testified as to Defendant's statements and actions surrounding the shootings, and Defendant called Mr. Anderson the evening before proof began laughing about how many people were injured in the second shooting. Indeed, Defendant does not challenge the sufficiency of the evidence as to any conviction on appeal. The trial court did not abuse its discretion in denying Defendant's second motion for mistrial. Defendant is not entitled to relief.

*Jail Calls*

Defendant also contends that the trial court improperly admitted redacted portions of his jail calls with Mr. Anderson rather than in their entirety in violation of Tennessee Rule of Evidence 106. The State argues that the trial court properly exercised its discretion. We agree with the State.

Tennessee Rule of Evidence 106, otherwise known as the "rule of completeness," provides that "[w]hen a . . . recorded statement or part thereof is introduced by a party, an

---

[3] Defendant also alleges that the State violated Tennessee Rule of Criminal Procedure 16 in its handling of the jail calls. This claim is waived because Defendant did not contemporaneously object on this ground and it was not included in his motion for new trial. *See* Tenn. R. App. P. 3(e), 36(a).

adverse party may require the introduction at that time of any other part or any other . . . recorded statement which ought in fairness to be considered contemporaneously with it." We review a trial court's decision related to Rule 106 for abuse of discretion. *State v. Vaughn*, 144 S.W.3d 391, 407 (Tenn. Crim. App. 2003); *see also State v. Keough*, 18 S.W.3d 175, 183 (Tenn. 2000).

The rule of completeness notwithstanding, we have held that "[t]his right . . . does not extend to confessions involving a non-testifying co-defendant. . . . To hold otherwise would be to render impossible the use of a redacted statement in joint trials involving a *Bruton* situation." *Denton v. State*, 945 S.W.2d 793, 801 (Tenn. Crim. App. 1996); *see Bruton v. United States*, 391 U.S. 123, 130-37 (1968) (holding that admission at a joint trial of a non-testifying co-defendant's confession implicating the defendant constituted prejudicial error even though the trial court gave an instruction that the confession could only be used against the co-defendant and must be disregarded with respect to the defendant). A statement cannot be redacted "'in fairness,'" however, "if to do so alters its substance or deletes therefrom substantially exculpatory information." *Id.* at 801-02 (citing *State v. Blair*, No. 02C01-9411-CR-00249, 1995 WL 695135, at *3-6 (Tenn. Crim. App. Nov. 22, 1995), *perm. app. denied* (Tenn. May 13, 1996)).

Here, a co-defendant's counsel objected based on *Bruton* to portions of the calls in which Defendant and Mr. Anderson discussed incriminating statements that a co-defendant made after the shooting. Defendant sought to have the recordings introduced in their entirety. Though it is somewhat unclear from the record, it seems that the strategic basis for Defendant's rule of completeness argument was that portions of the calls incriminated his co-defendants. The trial court found that redacting the calls was necessary to prevent *Bruton* issues, thereby rejecting Defendant's rule of completeness argument.

Ultimately, the redactions to the calls the trial court required here were exactly those discussed in *Denton*: references to a non-testifying co-defendant. As such, Rule 106 was not implicated. This ends our inquiry. In any event, Defendant points to no specific portion of the calls the trial court should have admitted, does not explain how it was unfair that the trial court ordered the references to the non-testifying co-defendant's statement be redacted, and the redacted portions of the calls contained no exculpatory information for Defendant. The trial court did not abuse its discretion in admitting redacted versions of the jail calls. Defendant is not entitled to relief.

## CONCLUSION

In light of the foregoing reasoning and authorities, we affirm the judgments of the trial court.

_____
TIMOTHY L. EASTER, JUDGE